UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOE SANFELIPPO CABS INC.,
GCC INC., ROY WMS INC.,
FRENCHY CAB CO INC., and
2 SWEETS INC.,
                Plaintiffs,

v.                                                      Case No. 14-CV-1036

CITY OF MILWAUKEE,
                Defendant.
_____

## DECISION AND ORDER

In July 2014, the City of Milwaukee adopted ordinances which changed the way it regulated taxicabs. The City established a regulatory scheme for "network companies," commonly known as rideshare companies, and it removed the cap on the number of taxicab vehicle permits it would issue. Plaintiffs, taxicab companies, objected to the changes and sued the City. Their amended complaint alleges that the new ordinances violate their rights under the Fifth Amendment, asserts various state law claims, and seeks money damages. Before me now is a motion by several cab drivers, Jatinder Cheema and Saad Malik, to intervene as defendants. Movants previously sued the City in state court, and in April 2013, persuaded a circuit court judge that the permit cap violated their rights under the state Constitution. This decision was one of the reasons that the City removed the cap. Plaintiffs oppose the motion to intervene.

Intervention may be as of right or permissive. *Compare* Fed. R. Civ. P. 24(a), *with* Fed. R. Civ. P. 24(b). Under Rule 24(a), movants may intervene if: (1) their motion is timely; (2) they possess an interest related to the subject matter of the action; (3) the

disposition of the action threatens to impair or impede their interest; and (4) an existing party, i.e. the City, inadequately represents their interest. *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657–58 (7th Cir. 2013).

Movants' motion is timely. As to their interest in the matter, movants must show a "direct, significant, and legally protectable interest in the question at issue in the lawsuit." *Id.* at 658 (quotations and citation omitted). This "is a highly fact-specific determination, making comparison to other cases of limited value." *Id.* Here, movants show a sufficient interest in the question at issue, the constitutionality of removing the permit cap. Movants' state court judgment declaring the cap unconstitutional gives them a significant legal right, and they have an interest in the enforceability of that judgment. That plaintiffs seek only monetary and not injunctive relief slightly weakens movants' interest in this action but does not eliminate it.

One way for movants to show that their interest may be impaired or impeded by the disposition of this case is to establish that a legal determination would foreclose their rights in a subsequent proceeding. *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994). Movants make this showing. If plaintiffs prevail on their claim that lifting the cap violated their Fifth Amendment rights, the decision would conflict with movants' state court judgment that the cap itself was unconstitutional. Moreover, a potential settlement might well affect movants' rights if the City agreed to reinstate a cap as part of the agreement. *See City of Chi. v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 986 (7th Cir. 2011) (finding a party has a right to intervene where a party may have a "conflict of interest with the [movants] when it comes to settlement possibilities").

Finally, movants show that the City may not adequately represent their interest. *Walker*, 705 F.3d at 659 ("[I]intervention requires only a 'minimal' showing of inadequate representation."); *Conservation Law Found. of New England v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992) ("An intervenor need only show that representation may be inadequate, not that it is inadequate."). Contrary to plaintiffs' argument, the City's goal is not identical to movants'. The City's goal is to avoid paying damages while movants want to ensure that the City does not reinstate a permit cap. Moreover, the City, a governmental entity, must consider an array of political and budgetary pressures in formulating its legal strategy, which may lead it to place other interests above movants' interests. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 973–74 (3d Cir. 1998) ("[T]he government represents numerous complex and conflicting interests. . . . [The] interests asserted by intervenors here may become lost in the thicket of sometimes inconsistent governmental policies."). Finally, movants litigated the permit cap for several years in state court, and their adversarial relationship with the City might make the City less likely to pay careful attention to their interest.

Thus, I conclude that movants have a right to intervene in this litigation under Rule 24(a). Even if I reached a contrary conclusion, I would permit movants to intervene under Fed. R. Civ. P. 24(b). Movants' motion is timely, their claim or defense shares a common question of law or fact with the main action, and intervention would not unduly delay or prejudice plaintiffs. *See* Fed. R. Civ. P. 24(b). The inquiry into whether a common claim or defense exists is a broad one. *Bond v. Utreras*, 585 F.3d 1061, 1070 (7th Cir. 2009). Movants contend that removing the cap was constitutional, and plaintiffs claim it was not.

Thus, both plaintiffs and movants raise the same question. My finding that the City may not adequately represent movants' interest as well as movants' state court judgment also support permissive intervention. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (stating that a court may consider other factors, such as the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by the other parties, when considering permissive intervention). Further, intervention will not unduly delay or prejudice plaintiffs.

**THEREFORE, IT IS ORDERED** that movants' amended motion to intervene (ECF No. 24) is **GRANTED**. The Clerk shall file movants' proposed motion to dismiss and memorandum in support (ECF Nos. 25-11, 25-12).

Dated at Milwaukee, Wisconsin, this 15th day of April, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge